FREDERICK A. COOPER vs. THE CITY OF DERBY.

Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

An architect who undertakes to prepare plans for a building to cost not more than a stated sum does not fulfil the terms of his engagement by planning one the erection of which will cost considerably more; nor can he recover on a *quantum meruit* for his services, unless his employer sees fit to incur the additional expense and make use of the plans.

Cooper *v.* Derby.

One dealing with a municipal committee appointed to repair or rebuild a public schoolhouse is bound to know the limits of the committee's powers.

Argued January 18th—decided February 3d, 1910.

ACTION for breach of a special contract, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Scott, J.* Judgment for defendant. *No error.*

*Edward K. Nicholson,* for the appellant (plaintiff).

*George H. Ennis,* for the appellee (defendant).

BALDWIN, C. J. The board of education of the defendant city, being of the opinion that a building under its charge known as the Irving Schoolhouse should be enlarged, voted, after talking the matter over with the plaintiff, who was an architect, that he "be authorized to draw specifications and submit plans for Irving School to the members, with the understanding that architect receive $3\frac{1}{2}$ per cent of the total cost of construction." He was also told the nature of the alterations desired, and that the whole cost, including the necessary equipment, must not exceed $20,000. A few days later he submitted to them rough drafts of plans, stating that he estimated the probable cost as under $17,000, and was instructed to go on and perfect them.

The board had no authority to make any contract with him or impose any obligation on the city to pay for any such plans. A few months later, the charter of the city was amended so as to allow it to issue school bonds to the amount of $25,000, the proceeds of which might be used for altering school buildings, and a committee was appointed to alter the Irving Schoolhouse, or build and equip another school building.

The plaintiff then submitted his plans to this committee, at its request, and claimed before it that they could be carried out for $20,000, not including the cost of equipment.

It voted to advertise for bids on the basis of these plans, in order to ascertain whether the alterations could be made and the new schoolrooms equipped for the amount of money at its disposal. Bids were accordingly invited and received, but were for amounts largely in excess of what the committee were authorized to pay, and in fact the plans and specifications were such that to carry them out would cost more than the committee could appropriate for the purpose. Thereupon, without permitting the plaintiff to revise his plans so as to reduce the cost, and without his making any such revision, the committee abandoned the plan of enlarging the Irving Schoolhouse, and voted to purchase another building and alter it to suit their purpose. This was effected, the alterations being made under plans and specifications prepared by the plaintiff and for which he was duly paid. His previous plans and specifications for the alteration of the Irving Schoolhouse were never accepted by the committee.

Under these circumstances, the Court of Common Pleas properly gave judgment for the defendant.

While the board of education had no power to speak for the city, their dealings with the plaintiff were important as indicating the "understanding" with reference to which he prepared his plans. His commissions were to be a percentage of the cost of executing them, and the cost, including equipment, was not to exceed $20,000. When the committee subsequently took charge of the business, he informed it that they could be executed for $20,000, excluding equipment. It proved that to carry them out would be beyond the means at its disposal, and for that reason it did not accept them.

The plaintiff, in dealing with a committee appointed by the legislature, was bound to know the limits of their authority to bind the city. It could not have carried out his plans without exceeding that authority. He therefore could not complain that they were not accepted. Nor can

he recover upon a *quantum meruit.* No plans were wanted, or would have been of service, which called for more money than the committee could contract to pay. His did. The limit of cost was brought to his attention first by the board of education, and then by the committee. His estimates, submitted to them in response, proved to be incorrect. An architect employed to plan a building to cost $20,000, does not fulfil the terms of his engagement by planning one that costs $30,000. His employer may be ready to incur the additional expense, and to make use of the plans. He may also decline to make any use of them. This the city did in the case at bar.

There is no error.

In this opinion the other judges concurred.